UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY ADDISON MCCAMEY,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ADULT BEHAVIOR HEALTH<br>SERVICES, *et al.*,<br><br>　　　　　　　　Defendant. | CASE NO. 3:19-cv-00812-RBL-JRC<br><br>ORDER ON MISCELLANEOUS<br>MOTIONS |

　　　This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff, who is incarcerated, proceeds *pro se* and *in forma pauperis*. *See* Dkt. 5.

　　　This matter is before the Court on plaintiff's motion to change defendant ABHS' name in the complaint (Dkt. 18), motion to compel discovery (Dkt. 21), second motion to compel discovery (Dkt. 29), and motion to amend the complaint (Dkt. 30).[1] The motions to amend the complaint to change ABHS' name are granted in part, although the name that ABHS identifies

---

[1] Plaintiff has also filed a motion for court appointed counsel (Dkt. 36), which is not yet ripe for decision. And the Court will issue a separate report and recommendation on plaintiff's motion for default. Dkt. 19.

for itself—American Behavioral Health Systems, Inc.—will be used. Because plaintiff failed to certify that he met and conferred with defendants before moving to compel, his motions to compel are denied.

## BACKGROUND

In August 2019, the Court directed service of plaintiff's complaint. *See* Dkt. 7. Plaintiff named "Adult Behavior Health Services (ABHS)" as a defendant. *See* Dkt. 6, at 1. ABHS entered an appearance, listing its name as "American Behavioral Health Systems, Inc." Dkt. 11, at 2. Plaintiff then filed the pending motion to change defendant's name in the complaint, asking that ABHS' name in the complaint be replaced with "American Behavior Health Services, Inc." Dkt. 18, at 1. Plaintiff has also filed a motion to amend his complaint, solely to change the name of ABHS. Dkt. 30, at 1.

In response to plaintiff's motion to amend, ABHS indicated that it did not oppose amending the complaint to ABHS' proper name, which is "American Behavioral Health Systems, Inc." *See* Dkt. 33, at 2. Plaintiff has not filed a reply in support of his motion to amend. *See* Dkt.

Plaintiff has also filed two motions to compel in this matter. *See* Dkts. 21, 29. Neither of plaintiff's motions—which request information from ABHS—includes a certification that the parties met and conferred regarding these issues. *See* Dkts. 21, 29.

## DISCUSSION

**I. Motions to Change ABHS' Name and to Amend Complaint (Dkts. 18, 30)**

The Court interprets plaintiff's motion to change ABHS' name in the complaint (Dkt. 18) and to amend his complaint solely to change ABHS' name (Dkt. 30) as motions to correct

ABHS' name in the case caption to the proper name for this party.  The Court GRANTS in part the motions.

Although the Court will correct ABHS' name in the case caption, ABHS has consistently named itself as "American Behavioral Health Systems, Inc." in this matter.  *See* Dkts. 17, at 2; 27, at 3; 28, at 6; 33, at 2.  Therefore, the name given by plaintiff in his motions to change ABHS' name is not accurate, either.  *See* Dkts. 18, at 1; 30-1, at 1.  Rather, ABHS' name will be corrected to "American Behavioral Health Systems, Inc."

**II. Motions to Compel**

As noted, neither of plaintiff's motions to compel includes a certification that he met and conferred with the defendants from whom he seeks information before filings his motions.  *See* Dkts. 21, 29.  Indeed, it appears that plaintiff filed his second motion to compel on the same day that ABHS received plaintiff's request in the mail.  *See* Dkt. 34, at 2.

Plaintiff's failures to certify that he conferred or attempted to confer with the named defendants before filing his motions to compel, standing alone, merit denial of his motions.  *See* Fed. R. Civ. P. 37(a)(1); Local Civil Rule 37(a)(1).  Although plaintiff is proceeding *pro se*, he is required to read and comply with the Local Rules, the Federal Rules of Civil Procedure, and the Court's orders.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).  The rule requiring that the parties meet and confer is intended to encourage the parties to work out these types of issues without court intervention.  It is this Court's experience that most of these issues can be resolved without filing a motion.

Additionally, the Court notes that plaintiff expresses concern that he will be unable to serve the complaint on defendants Zahn, Montaque, Del Real, Sanchez, and White.  Defendants Zahn and Montaque have waived service and have entered appearances in this action, including

providing their full names. *See* Dkt. 16. Moreover, defendants have filed addresses under seal for defendants Del Real, Sanchez, and White, so that the Court is in the process of effecting service on those defendants for plaintiff, who proceeds *in forma pauperis*.

Finally, to the extent that plaintiff demands that the Court impose fines on the law firm representing certain defendants, plaintiff has again failed to comply with the procedural requirements for such a request. Federal Rule of Civil Procedure 11(c)(2) sets forth the requirements for a motion to sanction opposing counsel, including filing the sanctions motion separately from any other motion, serving it on the party, and allowing 21 days before filing the sanction motion with the Court. Plaintiff has complied with none of these requirements, and his request is denied.

**CONCLUSION**

Plaintiff's motions to change ABHS' name (Dkt. 18) and to amend (Dkt. 30) are granted in part. The Clerk's Office shall update the docket in this matter to reflect that defendant ABHS's name is "American Behavioral Health Systems, Inc." Plaintiff's motions to compel (Dkts. 21, 29) are denied.

Dated this 5th day of December, 2019.

J. Richard Creatura
United States Magistrate Judge