UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY ADDISON MCCAMEY,

    Plaintiff,

  v.

ADULT BEHAVIOR HEALTH SERVICES, *et al.*,

    Defendants.

CASE NO. 2:19-cv-00812-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: December 20, 2019

  The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3, and MJR4.

  This matter is before the Court on plaintiff's motion "for judgment" against defendant ABHS—a motion that the Court interprets a motion for entry of default and default judgment under Federal Rule of Civil Procedure 55. *See* Dkt. 19. The undersigned recommends denying plaintiff's motion because ABHS has since filed its answer. *See* Dkt. 28.

///

**BACKGROUND**

On August 21, 2019, the Court directed service of plaintiff's civil rights complaint by first class mail to defendants including defendant ABHS. *See* Dkt. 7. The order directing service informed defendants that they had 30 days in which to return a waiver of service of summons and—if they waived service of summons—60 days from date on the notice of lawsuit to serve an answer or motion under Federal Rule of Civil Procedure 12. *See* Dkt. 7, at 2. Otherwise, defendants would be personally served, possibly at their own expense. *See* Dkt. 7, at 2.

The Clerk's Office sent the complaint and order by first-class mail to all named defendants, including defendant ABHS. *See* Dkt. 7. The Clerk's Office also sent a copy of the waiver of service of summons form, which informed defendants that failure to file and serve an answer or motion under Rule 12 within 60 days of August 23, 2019, could result in a judgment being entered against a defendant. *See, e.g.*, Dkt. 9, at 1.

Defendant ABHS returned a service waiver (Dkt. 10) and entered an appearance in this matter. *See* Dkt. 11. However, defendant ABHS failed to file an answer within 60 days of August 23, 2019. *See* Dkt. 28. Plaintiff filed his "motion for judgment," against defendant ABHS. *See* Dkt. 19. The Court directed ABHS to respond to the motion, which the Court interpreted as a "motion for entry of default," on or before November 12, 2019. *See* Dkt. 23, at 2. On November 12—approximately three weeks after the answer was due—ABHS responded by filing its answer to plaintiff's complaint. *See* Dkt. 28.

**DISCUSSION**

A plaintiff may move for entry of default and default judgment if a defendant fails to plead or otherwise defend. *See* Fed. R. Civ. P. 55. It is in the court's discretion to grant or deny a motion for default; however, default is disfavored and "whenever it is reasonably possible cases should be decided upon their merits." *In re Hammer,* 940 F.2d 524, 525 (9th Cir. 1991) (quoting *Gregorian v. Izvestia,* 871 F.2d 1515, 1523 (9th Cir. 1989) (internal quotation omitted)). The entry of default judgment is a drastic step that a court should decline to take if defendants show intent to defend. *See generally Wilson v. Moore & Assocs.,* 564 F.2d 366, 369 (9th Cir. 1977); *see also Chevalier v. Sutter Hotel*, No. C-07-0401 MMC, 2008 WL 618919, at *1 (N.D. Cal. Mar. 5, 2008) (declining to enter default judgment when defendant submitted its responsive pleading eight days beyond the prescribed deadline). A defendant must serve an answer within 21 days after being served with the summons and complaint or within 60 days after the request for a waiver of service is sent. *See* Fed. R. Civ. P. 12.

Here, although defendant ABHS waived service, it failed to file its answer within the 60-day period after the request for a waiver of service was sent. Nonetheless, defendant ABHS has now filed an answer—albeit late—and had demonstrated its intent to defend. Entry of default and default judgment would deprive defendant ABHS of the opportunity to defend the case on its merits. Therefore, the undersigned recommends denying plaintiff's "motion for judgment" against defendant ABHS—a motion that the Court interprets as one for entry of default and default judgment.

| | |
|---|---|
| 1 | **CONCLUSION** |
| 2 | Plaintiff's "motion for judgment" (Dkt. 19) should be denied. |
| 3 | Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have |
| 4 | fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. |
| 5 | 6.  Failure to file objections will result in a waiver of those objections for purposes of *de novo* |
| 6 | review by the district judge (*see* 28 U.S.C. § 636(b)(1)(C)) and can result in a result in a waiver |
| 7 | of those objections for purposes of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.* |
| 8 | *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).  Accommodating the time limit |
| 9 | imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 20**, |
| 10 | **2019**, as noted in the caption. |
| 11 | Dated this 5th day of December, 2019. |
| 12 | |
| 13 | *[signature]* |
| 14 | J. Richard Creatura<br>United States Magistrate Judge |