UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TIMOTHY A. MCCAMEY,

        Plaintiff,

v.

AMERICAN BEHAVIORAL
HEALTH SYSTEMS INC., *et al.*,

        Defendants.

CASE NO. 2:19-cv-00812-RBL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: June 5, 2020

The District Court has referred this 42 U.S.C. § 1983 civil rights action to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR1, MJR3, and MJR4. This matter is before the Court on certain defendants' summary judgment motions, to which plaintiff has filed no response. *See* Dkts. 45, 48.

Plaintiff, a level three sex offender required to attend residential substance abuse treatment as a condition of community supervision, brings deliberate indifference claims against American Behavioral Health Systems ("ABHS") and its employees. He alleges that employees

REPORT AND RECOMMENDATION - 1

leaked his conviction history to other clients, leading to his assault, and that defendant Josh Jurovcik, his community corrections officer, refused to move plaintiff from ABHS before the assault.

Defendants ABHS and two ABHS supervisors, Craig Zahn and Martin Montague, (collectively "ABHS defendants) and defendant Jurovcik move for summary judgment dismissal of the claims against them. Plaintiff failed to respond. Because plaintiff has failed to come forward with evidence from which a fact finder could determine that defendant Jurovcik made an intentional decision with respect to plaintiff's treatment or that ABHS defendants were acting under color of state law, the summary judgment motions should be granted. Plaintiff's claims against the ABHS employees who allegedly leaked the conviction data and to the extent that he brings claims against the Department of Corrections ("DOC") should also be dismissed with prejudice. The District Court should therefore dismiss all claims in this matter with prejudice and should close the case.

## BACKGROUND

Plaintiff, who proceeds *pro se* and *in forma pauperis*, brought suit for damages under § 1983 in May 2019. *See* Dkt. 1; Dkt. 6, at 5. Plaintiff alleges that the DOC required him to undergo treatment at ABHS and that in June 2018, he told defendant Jurovcik that plaintiff knew that defendants "Del Real," "Sanchez," and "White" (who were allegedly later terminated for improper computer searches) had "leaked" plaintiff's criminal history to other ABHS clients. Dkt. 6, at 3–4. Plaintiff allegedly requested to be moved from the facility or allowed to leave and return at a later date. Dkt. 6, at 3. However, defendant Jurovcik said that his "'hands' [we]re tied," and plaintiff was later assaulted by other clients. Dkt. 6, at 3. Plaintiff further

claims that he left treatment early after being assaulted and that a hearings officer found that he should not have been placed in treatment at all. *See* Dkt. 6, at 5. Plaintiff's claims against defendants Zahn and Montague are based on these defendants' supervisory roles. Dkt. 6, at 3.

After plaintiff filed his complaint, the Court directed service on all defendants. *See* Dkt. 7. To date, defendants Sanchez, Del Real, and White have not appeared in this matter or filed answers. *See* Dkt.

Defendant Jurovcik filed a summary judgment motion requesting dismissal with prejudice of the claims against him. *See* Dkt. 45. With his motion, defendant Jurovcik filed a notice informing plaintiff that "[i]f you do not respond to this motion, the Court will still consider the motion, and, if it has merit, it will dismiss some or all of your claims. If all of your claims are dismissed, judgment will be entered against you and your case will be closed without a trial or evidentiary hearing." Dkt. 47, at 2; *see also Rand v. Rowland*, 154 F.3d 952, 958 (9th Cir. 1998).

The ABHS defendants have also moved for summary judgment dismissal of the claims against them. *See* Dkt. 48. The ABHS defendants also provided a notice as required by *Rand v. Rowland*, which they filed concurrently with their summary judgment motion. Dkt. 50.

Plaintiff has not responded to either summary judgment motion. *See* Dkt. ABHS defendants have filed a notice that service of their reply brief on plaintiff was unsuccessful as he appears to have been released from custody and has not updated his address with the Court. *See* Dkt. 53. The release from custody occurred March 30, 2020—well after the deadline for plaintiff to respond to ABHS defendants' and defendant Jurovcik's discovery requests (*see* Dkts. 46, at 2; 49, at 2; 53, at 2) and 10 days after defendants filed their summary judgment motions and *Rand* notices. *See* Dkts. 45, 48.

Although plaintiff has failed to oppose summary judgment, the undersigned has carefully reviewed plaintiff's complaint and defendants' motions to determine whether summary judgment dismissal is appropriate. *See Henry v. Gill Inds.*, 983 F.2d 943 950 (9th Cir. 1993) ("Summary judgment may be resisted and must be denied on no other grounds than that the movant has failed to meet its burden of demonstrating the absence of triable issues.").

## DISCUSSION

### I. Legal Principles

The Court "shall grant" summary judgment where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may show the existence of no genuine factual dispute by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). The evidence, as well as all justifiable inferences drawn from it, must be viewed in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment is therefore appropriate against—

> a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. . . . [A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

1    If the moving party meets its burden, the burden shifts to the opposing party to establish
2    genuine material factual issues. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. The opposing
3    party may not rest upon the pleadings' mere allegations or denials but must present evidence of
4    specific disputed facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Conclusory
5    statements cannot defeat a properly supported summary judgment motion. *Scott v. Rosenberg*,
6    702 F.2d 1263, 1271–72 (9th Cir. 1983). A verified complaint may be used as an affidavit in
7    opposition to the motion. *Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir.1995); *McElyea v.*
8    *Babbitt*, 833 F.2d 196, 197–98 (9th Cir.1987) (per curiam).

9    Because plaintiff is *pro se*, the Court "must consider as evidence in his opposition to
10   summary judgment all of [plaintiff's] contentions offered in motions and pleadings, where such
11   contentions are based on personal knowledge and set forth facts that would be admissible in
12   evidence, and where [plaintiff] attested under penalty of perjury that the contents of the motions
13   or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

14   To prevail on a section 1983 claim, a plaintiff must establish that a person acting under
15   color of state law deprived plaintiff of rights, privileges, or immunities secured by the
16   Constitution or laws of the United States. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981),
17   *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

18   Plaintiff does not specify the constitutional amendment or federal law that he claims was
19   violated. *See* Dkt. 6. However, the Court interprets his claim as one of failure to protect him
20   from harm caused by other clients of ABHS. A failure-to-protect claim brought by a prisoner is
21   considered under the Eighth Amendment. *See Castro v. Cty. of Los Angeles*, 833 F.3d 1060,
22   1070 (9th Cir. 2016) (Eighth Amendment standard applies to those being convicted and thus
23   under state-mandated punishment). In cases involving pretrial detainees and defendants who are
24

1 | under post-conviction, civil commitment, the Ninth Circuit has applied a more plaintiff-friendly,

2 | purely objective deliberate indifference standard that arises under the Fourteenth Amendment.

3 | *See id.* (pretrial detainees); *Smith v. Washington*, 781 F. App'x 595, 598 (9th Cir. 2019), *reh'g*

4 | *denied* (Aug. 1, 2019) (civilly committed detainees).

5 | **II. Defendant Jurovcik's Summary Judgment Motion**

6 | Defendant Jurovcik argues that plaintiff has failed to provide any facts showing a

7 | violation of the Eighth Amendment. *See* Dkt. 45, at 5.

8 | As a preliminary matter, the undersigned disagrees with defendant Jurovcik that this case

9 | arises under the Eighth Amendment; rather, it would appear that plaintiff's claims fall under the

10 | more protective, Fourteenth Amendment standard since at the time, plaintiff was not incarcerated

11 | but was under supervised release requiring him to participate in substance abuse treatment. *See,*

12 | *e.g.*, *Smith v. Am. Behavioral Health Sys.*, No. 2:16-CV-00380-MKD, 2018 WL 4100687, at *10

13 | (E.D. Wash. Aug. 28, 2018) ("[V]oluntary participation in community-based substance abuse

14 | treatment as an alternative to incarceration does not rise to the level of incarceration."); *George*

15 | *v. Rockland State Psychiatric Ctr.*, No. 10-CV-8091 NSR, 2014 WL 5410059, at *6 (S.D.N.Y.

16 | Oct. 23, 2014) (parolee's claims of deliberate indifference properly analyzed under Fourteenth

17 | Amendment); *Schlosser v. Elzea*, No. 3:19-CV-1380 (SRU), 2020 WL 887752, at *5 (D. Conn.

18 | Feb. 24, 2020) ("[A] individual who is not "in custody," including a probationer or parolee,

19 | cannot state an Eighth Amendment claim of deliberate indifference to a serious medical need.").

20 | Since the law is unclear regarding the standard that applies when a convicted prisoner is

21 | serving community supervision, the Court will apply the more favorable standard. *Accord*

22 | *Pauline v. Dir. DOJ*, No. CV 19-00167 LEK-KJM, 2019 WL 6468557, at *7 (D. Haw. Dec. 2,

23 | 2019), *appeal dismissed sub nom. Pauline v. Dir. of Dep't of Justice*, No. 19-17492, 2020 WL

24 |

1231568 (9th Cir. Jan. 24, 2020); *see also Weishaar v. Cty. of Napa*, No. 14-CV-01352-LB, 2016 WL 7242122, at *6 (N.D. Cal. Dec. 15, 2016).

The elements of a claim of deliberate indifference under the Fourteenth Amendment are—

(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
(2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
(3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
(4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro*, 833 F.3d at 1071.  The undersigned will focus on the first factor, which is dispositive here.

The only evidence that plaintiff has provided in support of his claims is recounting defendant Jurovcik's alleged statement that Jurovcik could not have plaintiff moved from treatment and that if plaintiff did leave treatment, plaintiff would be in "violat[ion] and detained for up to 30 days." Dkt. 6, at 5.  This is not enough evidence for a trier of fact to find by a preponderance of the evidence that defendant Jurovcik intentionally decided for plaintiff to remain at ABHS—plaintiff provides no evidence to suggest that defendant Jurovcik had authority over whether plaintiff could be moved from ABHS.  For the a fact-finder to find that plaintiff has established the first element under *Castro*, it would have to rely entirely on speculation.  *But see Witherow v. Paff*, 52 F.3d 264, 266 (9th Cir. 1995) ("appellant's speculation does not create a factual dispute").

Thus, summary judgment on this factor in defendant Jurovcik's favor is appropriate, and the claims against defendant Jurovcik should be dismissed with prejudice.

**III. ABHS Defendants' Summary Judgment Motion**

Among other things, ABHS defendants argue that plaintiff has failed to provide any evidence from which a factfinder could find that they were acting under color of law. *See* Dkt. 48, at 7. The Court should agree with this argument and dismiss the claims against ABHS defendants on this basis.

To be liable under § 1983, ABHS defendants must have been acting "under color of state law." *See Parratt*, 451 U.S. at 535. This is a factual determination. *See Brunette v. Humane Soc'y of Ventura Cty.*, 294 F.3d 1205, 1209 (9th Cir. 2002). A defendant has acted under color of state law where he or she has "exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Generally, private parties are not acting under color of state law. *See Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991).

Regarding whether ABHS defendants acted under color of state law, the only evidence that plaintiff has provided is his own statements in the complaint that his community corrections officer directed him to attend treatment at ABHS, which is under contract with the Department of Corrections to provide substance abuse treatment. *See* Dkt. 6, at 4.

However, the existence of a contract with a state agency alone does not transform a private entity into a state actor. *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1538 (9th Cir. 1992). Courts have repeatedly found against plaintiffs who rely on no more than evidence of a contractual relationship with a state department of corrections as showing that a treatment provider is a state actor. *See Gross v. Samudio*, 630 F. App'x 772, 778 (10th Cir. 2015) (treatment provider was not acting under color of state law where appellant relied on only contracts to provide treatment to parolees and state's delegation of treatment to treatment providers); *Abdulrazzak v. Smith*, No. 4:17-CV-04058-KES, 2018 WL 4625409, at *17 (D.S.D.

Sept. 26, 2018), *reconsideration denied sub nom. Abdulrazzak v. Werner*, No. 4:17-CV-04058-KES, 2019 WL 6916464 (D.S.D. June 5, 2019), and *aff'd,* 798 F. App'x 48 (8th Cir. 2020) (allegation of contractual relationship between mental health treatment provider and department of corrections inadequate to state a claim); *see also Smith*, 2018 WL 4100687, at *6 ("The fact that the state authorized ABHS to provide substance abuse treatment to offenders does not convert ABHS' conduct into state action.").

Where the under-color-of-state-law inquiry is factual and the only fact relied upon by plaintiff is the existence of a contractual relationship, plaintiff has failed to come forward with evidence from which a reasonable trier of fact could find in his favor on his claims against the ABHS defendants. The Court need not further analyze ABHS' defendants' additional arguments that plaintiff has failed to meet any of four tests for concluding that a private actor is acting under color of state law. *See* Dkt. 48, at 9–10.

**IV. State Law Claims**

ABHS defendants and defendant Jurovcik both request dismissal with prejudice of any state-law claims being brought by plaintiff, if the Court determines that plaintiff is bringing such claims. *See* Dkts. 45, at 7; 48, at 12. The undersigned has carefully reviewed plaintiff's complaint and finds no indication that plaintiff intends to bring claims other than under 42 U.S.C. § 1983. Plaintiff discusses elements of a § 1983 claim (alleging that ABHS defendants acted under color of state law) and filled out the Court's form § 1983 complaint without listing any additional claims.

**V. Claims against Department of Corrections and defendants White, Sanchez, and Del Real**

1    Plaintiff brings claims against the three defendants who he alleges leaked his conviction
2 history, defendants White, Sanchez, and Del Real.  *See* Dkt. 6, at 3.  Because these defendants
3 are sued on the basis that they were acting under color of state law as employees of ABHS,
4 plaintiff's claims against them fail for the same reason that his claims against the other ABHS
5 defendants should be dismissed.  *See supra*, part III.  Therefore, the Court should dismiss
6 plaintiff's claims against these three defendants with prejudice.

7    It is unclear to the Court whether plaintiff intends to bring claims against the Department
8 of Corrections.  *See* Dkt. 6, at 1.  However, claims for damages against the Department of
9 Corrections, which is a state agency, are barred by the Eleventh Amendment.  *See Will v.*
10 *Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Howlett v. Rose*, 496 U.S. 356, 365
11 (1990).  Therefore to the extent that plaintiff seeks to bring claims against the Department of
12 Corrections, these claims should be dismissed with prejudice.

13    **VI.  *In Forma Pauperis* on Appeal**

14    The Court recommends revoking plaintiff's *in forma pauperis* status for purposes of
15 appeal.  IFP status on appeal shall not be granted if the district court certifies "before or after the
16 notice of appeal is filed" "that the appeal is not taken in good faith[.]" Fed. R. App. P.
17 24(a)(3)(A); *see also* 28 U.S.C. § 1915(a)(3).  A plaintiff satisfies the "good faith" requirement if
18 he seeks review of an issue that is "not frivolous," and an appeal is frivolous where it lacks any
19 arguable basis in law or fact.  *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977); *Neitzke v.*
20 *Williams*, 490 U.S. 319, 325 (1989).  Because plaintiff has made no effort to come forward with
21 evidence or argument that would tend to establish his claims in this lawsuit, the Court should
22 certify that an appeal would not be taken in good faith.

23 ///

24 ///

REPORT AND RECOMMENDATION - 10

## CONCLUSION

The undersigned recommends that defendants' motions for summary judgment (Dkts. 45, 48) should be granted. All claims in this matter should be dismissed with prejudice, *in forma pauperis* status should not continue on appeal, and the matter should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 5, 2020,** as noted in the caption.

Dated this 20th day of May, 2020.

J. Richard Creatura
United States Magistrate Judge